**SAUL EWING ARNSTEIN & LEHR LLP**
Dena B. Calo, Esq.
Michael Rowan, Esq.
650 College Road East, Suite 4000
Princeton, New Jersey  08540
Tel: (609) 452-3100
Fax: (609) 452-3122
dena.calo@saul.com
michael.rowan@saul.com
*Attorneys for Defendants BidPath, Incorporated, BidFacts LLC, and Marlene Greene*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SANDHILLS GLOBAL, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>LAWRENCE GARAFOLA, individual,<br>MARLENE GREENE, individual,<br>LAWRENCE GARAFOLA, JR., individual,<br>BIDPATH, INC., a Nevada corporation, and<br>BIDFACTS, LLC, a California limited liability<br>company ,<br><br>        Defendants. | Civil Action No.: 19-cv-17225 (MAS)(TJB)<br><br><br>**ANSWER TO COMPLAINT,<br>AFFIRMATIVE DEFENSES, AND<br>COUNTERCLAIM** |

Defendants BidPath, Incorporated ("BidPath") (erroneously pled as "BidPath, Inc.), BidFacts LLC ("BidFacts") (erroneously pled as "BidFacts, LLC"), and Marlene Greene ("Greene") (collectively, "Defendants"), through their counsel, Saul Ewing Arnstein & Lehr LLP, for their Answer to the Complaint of Plaintiff SandHills Global, Inc. ("Plaintiff"), allege and say:

1.      Upon information and belief, Defendants admit the allegations in Paragraph 1 of the Complaint.

1

2.      Greene admits the allegations in Paragraph 2 of the Complaint.  BidPath and BidFacts lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 2 of the Complaint and those allegations are accordingly denied.

3.      Defendants admit the allegations in Paragraph 3 of the Complaint.

4.      Greene admits the allegation in Paragraph 4 of the Complaint.  BidPath and BidFacts lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 4 of the Complaint and those allegations are accordingly denied.

5.      Defendants admit the allegations in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations in Paragraph 6 of the Complaint.

7.      Defendants neither admit nor deny the allegations in Paragraph 7 of the Complaint as they call for a legal conclusion.

8.      Defendants neither admit nor deny the allegations in Paragraph 8 of the Complaint as they call for a legal conclusion.

9.      Defendants neither admit nor deny the allegations in Paragraph 9 of the Complaint as they call for a legal conclusion.

10.      Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 10 of the Complaint and those allegations are accordingly denied.

11.      Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 11 of the Complaint and those allegations are accordingly denied.

12.      Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 12 of the Complaint and those allegations are accordingly denied.

13.      Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 13 of the Complaint and those allegations are accordingly denied.

14.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 14 of the Complaint and those allegations are accordingly denied.

15.     Greene admits the allegation in Paragraph 15 of the Complaint.  BidPath and BidFacts lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 15 of the Complaint and those allegations are accordingly denied.

16.     Upon information and belief, Defendants admit the allegations in Paragraph 16 of the Complaint.

17.     Defendants deny that BidPath had a "long-standing" relationship with EquipmentFacts, as the relationship between them began in approximately December of 2017. Defendants admit the remaining allegations in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     Defendants neither admit nor deny the allegations in Paragraph 19 of the Complaint as the Asset Purchase Agreement between Plaintiff and EquipmentFacts ("Agreement") speaks for itself.

20.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 20 of the Complaint and those allegations are accordingly denied.

21.     Defendants neither admit nor deny the allegations in Paragraph 21 of the Complaint as the Agreement speaks for itself.

22.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 22 of the Complaint and those allegations are accordingly denied.

23.     Defendants neither admit nor deny the allegations in Paragraph 23 of the Complaint as the Agreement speaks for itself.

35883970.4

24.     Defendants neither admit nor deny the allegations in Paragraph 24 of the Complaint as the Agreement speaks for itself.

25.     Defendants neither admit nor deny the allegations in Paragraph 25 of the Complaint as the Agreement speaks for itself.

26.     Defendants neither admit nor deny the allegations in Paragraph 26 of the Complaint as the Agreement and Employment Agreement speak for themselves.

27.     Defendants neither admit nor deny the allegations in Paragraph 27 of the Complaint as the Employment Agreement speaks for itself.

28.     Defendants neither admit nor deny the allegations in Paragraph 28 of the Complaint as the Employment Agreement speaks for itself.

29.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 29 of the Complaint and those allegations are accordingly denied.

30.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 30 of the Complaint and those allegations are accordingly denied.

31.     Defendants neither admit nor deny the allegations in Paragraph 31 of the Complaint as they call for a legal conclusion.

32.     Defendants neither admit nor deny the allegations in Paragraph 32 of the Complaint as they call for a legal conclusion.

33.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 33 of the Complaint and those allegations are accordingly denied. .

34.     Defendants neither admit nor deny the allegations in Paragraph 34 of the Complaint as the Employee Proprietary Information, Inventions and Nonsolicitation Agreement (the "EPIINA Agreement") speaks for itself.

-4-

35.     Defendants neither admit nor deny the allegations in Paragraph 35 of the Complaint as the EPIINA Agreement speaks for itself.

36.     Defendants neither admit nor deny the allegations in Paragraph 36 of the Complaint as they call for a legal conclusion.

37.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 37 of the Complaint and those allegations are accordingly denied.

38.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 38 of the Complaint and those allegations are accordingly denied.

39.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 39 of the Complaint and those allegations are accordingly denied.

40.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 40 of the Complaint and those allegations are accordingly denied.

41.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 41 of the Complaint and those allegations are accordingly denied.

42.     Defendants admit the allegations in Paragraph 42 of the Complaint.

43.     Defendants admit the allegations in Paragraph 43 of the Complaint.

44.     Defendants neither admit nor deny the allegations in Paragraph 44 of the Complaint as the Employee Non-Disclosure and Non-Compete Agreement ("Greene Agreement #1") speaks for itself.

45.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 45 of the Complaint and those allegations are accordingly denied.

46.     Defendants neither admit nor deny the allegations in Paragraph 46 of the Complaint as Greene Agreement #1 speaks for itself.

47.     Defendants neither admit nor deny the allegations in Paragraph 47 of the Complaint as Greene Agreement #1 speaks for itself.

48.     Defendants neither admit nor deny the allegations in Paragraph 48 of the Complaint as the Employee Proprietary Information, Inventions and Nonsolicitation Agreement ("Greene Agreement #2") speaks for itself.

49.     Defendants neither admit nor deny the allegations in Paragraph 49 of the Complaint as Greene Agreement #2 speaks for itself.

50.     Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     Greene denies that "upon commencement of her employment" she received "security policies."  Greene lacks knowledge or information sufficient to admit the truth of the remaining allegations in Paragraph 51 of the Complaint and those allegations are accordingly denied.  BidPath and BidFacts lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 51 of the Complaint and those allegations are accordingly denied.

52.     Greene denies that "upon commencement of her employment" she received plaintiff's Employee Handbook.  Greene admits only that she received the Employee Handbook. Defendants neither admit nor deny the allegations in Paragraph 52 of the Complaint characterizing the Employee Handbook as it speaks for itself.  Defendants lack knowledge or information sufficient to admit the truth of the remaining allegations in Paragraph 52 of the Complaint and those allegations are accordingly denied.

53.     Greene denies she was given any proprietary information.  Defendants lack knowledge or information sufficient to admit the truth of the remaining allegations in Paragraph 53 of the Complaint and those allegations are accordingly denied.

54.     Greene admits only that she had regular contact with auctioneers whose contact information is publicly available.  Defendants lack knowledge or information sufficient to admit the truth of the remaining allegations in Paragraph 54 of the Complaint and those allegations are accordingly denied.

55.     Defendants deny the allegations in Paragraph 55 of the Complaint.

56.     Defendants neither admit nor deny the allegations in Paragraph 56 of the Complaint as the Larry Jr. Agreement speaks for itself.

57.     Defendants neither admit nor deny the allegations in Paragraph 57 of the Complaint as the Larry Jr. Agreement speaks for itself.

58.     Defendants neither admit nor deny the allegations in Paragraph 58 of the Complaint as they call for a legal conclusion.

59.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 59 of the Complaint and those allegations are accordingly denied.

60.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 60 of the Complaint and those allegations are accordingly denied.

61.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 61 of the Complaint and those allegations are accordingly denied.

62.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 62 of the Complaint and those allegations are accordingly denied.

63.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 63 of the Complaint and those allegations are accordingly denied.

64.     Defendants neither admit nor deny the allegations in Paragraph 64 of the Complaint as the "notice" speaks for itself.

65.     Defendants deny the allegations in Paragraph 65 of the Complaint.

66.     Defendants neither admit nor deny the allegations in the first sentence of Paragraph 66 of the Complaint as the "website" speaks for itself.  Greene admits only that Larry Sr. was employed by Plaintiff.  Defendants lack knowledge or information sufficient to admit the truth of the remaining allegations in Paragraph 66 of the Complaint and those allegations are accordingly denied.

67.     Defendants neither admit nor deny the allegations in Paragraph 67 of the Complaint as the "email" speaks for itself.

68.     Defendants neither admit nor deny the allegations in Paragraph 68 of the Complaint as the "email" speaks for itself.

69.     Defendants neither admit nor deny the allegations in Paragraph 69 of the Complaint as the "email" speaks for itself.

70.     Defendants neither admit nor deny the allegations in Paragraph 70 of the Complaint as the "email" speaks for itself.

71.     Defendants admit only that Larry Sr. and David Brindley met at the specified conference.  Defendants deny the remaining allegations in Paragraph 71 of the Complaint.

72.     Defendants neither admit nor deny the allegations in Paragraph 72 of the Complaint as the "email" speaks for itself.

73.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 73 of the Complaint and those allegations are accordingly denied.

74.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 74 of the Complaint and those allegations are accordingly denied.

75.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 75 of the Complaint and those allegations are accordingly denied.

76.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 76 of the Complaint and those allegations are accordingly denied.

77.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 77 of the Complaint and those allegations are accordingly denied.

78.     Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     Defendants neither admit nor deny the allegations in Paragraph 79 of the Complaint as they call for a legal conclusion.

80.     Defendants deny the allegations in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations in Paragraph 82 of the Complaint.

83.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 83 of the Complaint and those allegations are accordingly denied.

84.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 84 of the Complaint and those allegations are accordingly denied.

85.     Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     Defendants admit the allegations in Paragraph 86 of the Complaint.

87.     Defendants neither admit nor deny the allegations in Paragraph 87 of the Complaint as the "email" speaks for itself.

88.     Defendants neither admit nor deny the allegations in Paragraph 88 of the Complaint as the "email" speaks for itself.

35883970.4

89.     Defendants neither admit nor deny the allegations in Paragraph 89 of the Complaint as the "email" speaks for itself.

90.     Green denies her resignation was submitted "abruptly," but admit the remaining allegations in Paragraph 90 of the Complaint.   BidPath and BidFacts lack knowledge or information sufficient to admit the truth of the remaining allegations in Paragraph 90 of the Complaint and those allegations are accordingly denied.

91.     Defendants admit the allegations in Paragraph 91 of the Complaint.

92.     Defendants neither admit nor deny the allegations in Paragraph 92 of the Complaint as the "email" speaks for itself.

93.     Defendants neither admit nor deny the allegations in Paragraph 93 of the Complaint as the "email" speaks for itself.

94.     Defendants neither admit nor deny the allegations in Paragraph 94 of the Complaint as they call for a legal conclusion.

95.     Defendants deny the allegations in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations in Paragraph 99 of the Complaint.

100.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 100 of the Complaint and those allegations are accordingly denied.

101.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 101 of the Complaint and those allegations are accordingly denied.

102.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 102 of the Complaint and those allegations are accordingly denied.

103.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 103 of the Complaint and those allegations are accordingly denied.

104.     Defendants lack knowledge or information sufficient to admit the truth of the allegations in Paragraph 104 of the Complaint and those allegations are accordingly denied.

## CLAIM ONE
### (Breach of Contract/The Asset Purchase Agreement – Larry Sr.)

105.     Defendants repeat, re-allege, and incorporate by reference their responses to the allegations in Paragraphs 1-104 of the Complaint.

106.     The allegations in Paragraph 106 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 106 of the Complaint as they call for a legal conclusion.

107.     The allegations in Paragraph 107 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 107 of the Complaint as they call for a legal conclusion.

108.     The allegations in Paragraph 108 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 108 of the Complaint as they call for a legal conclusion.

109.     The allegations in Paragraph 109 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither

-11-

admit nor deny the allegations in Paragraph 109 of the Complaint as they call for a legal conclusion.

## CLAIM TWO
### (Breach of Contract/The Employment Agreement – Larry Sr.)

110.    Defendants repeat, re-allege, and incorporate by reference their responses to the allegations in Paragraphs 1-109 of the Complaint.

111.    The allegations in Paragraph 111 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 111 of the Complaint as they call for a legal conclusion.

112.    The allegations in Paragraph 112 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 112 of the Complaint as they call for a legal conclusion.

113.    The allegations in Paragraph 113 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 113 of the Complaint as they call for a legal conclusion.

114.    The allegations in Paragraph 114 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 114 of the Complaint as they call for a legal conclusion.

35883970.4

## CLAIM THREE
### (Breach of Contract/The Restrictive Covenant Agreement – Larry Sr.)

115.     Defendants repeat, re-allege, and incorporate by reference their responses to the allegations in Paragraphs 1-114 of the Complaint.

116.     The allegations in Paragraph 116 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 116 of the Complaint as they call for a legal conclusion.

117.     The allegations in Paragraph 117 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 117 of the Complaint as they call for a legal conclusion.

118.     The allegations in Paragraph 118 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 118 of the Complaint as they call for a legal conclusion.

119.     The allegations in Paragraph 119 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 119 of the Complaint as they call for a legal conclusion.

## CLAIM FOUR
### (Breach of Contract/The Larry Sr. PMA)

120.     Defendants repeat, re-allege, and incorporate by reference their responses to the allegations in Paragraphs 1-119 of the Complaint.

35883970.4

121.     The allegations in Paragraph 121 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 121 of the Complaint as they call for a legal conclusion.

122.     The allegations in Paragraph 122 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 122 of the Complaint as they call for a legal conclusion.

123.     The allegations in Paragraph 123 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 123 of the Complaint as they call for a legal conclusion.

124.     The allegations in Paragraph 124 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 124 of the Complaint as they call for a legal conclusion.

## CLAIM FIVE
### (Breach of Contract/The Greene Non-compete)

125.     Defendants repeat, re-allege, and incorporate by reference their responses to the allegations in Paragraphs 1-124 of the Complaint.

126.     Defendants deny the allegations in Paragraph 126 of the Complaint.

127.     Defendants deny the allegations in Paragraph 127 of the Complaint.

128.     Defendants deny the allegations in Paragraph 128 of the Complaint.

129.     Defendants deny the allegations in Paragraph 129 of the Complaint.

**CLAIM SIX**
**(Breach of Contract/The Greene Non-solicit Agreement)**

130.    Defendants repeat, re-allege, and incorporate by reference their responses to the allegations in Paragraphs 1-129 of the Complaint.

131.    Defendants deny the allegations in Paragraph 131 of the Complaint.

132.    Defendants deny the allegations in Paragraph 132 of the Complaint.

133.    Defendants deny the allegations in Paragraph 133 of the Complaint.

134.    Defendants deny the allegations in Paragraph 134 of the Complaint.

**CLAIM SEVEN**
**(Breach of Contract/The Larry Jr. Agreement)**

135.    Defendants repeat, re-allege, and incorporate by reference their responses to the allegations in Paragraphs 1-134 of the Complaint.

136.    The allegations in Paragraph 136 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 136 of the Complaint as they call for a legal conclusion.

137.    The allegations in Paragraph 137 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 137 of the Complaint as they call for a legal conclusion.

138.    The allegations in Paragraph 138 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 138 of the Complaint as they call for a legal conclusion.

-15-

139.    The allegations in Paragraph 139 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 139 of the Complaint as they call for a legal conclusion.

## CLAIM EIGHT
### (Misappropriation of Trade Secrets - Larry Sr.)

140.    Defendants repeat, re-allege, and incorporate by reference their responses to the allegations in Paragraphs 1-139 of the Complaint.

141.    The allegations in Paragraph 141 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 141 of the Complaint as they call for a legal conclusion.

142.    The allegations in Paragraph 142 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 142 of the Complaint as they call for a legal conclusion.

143.    The allegations in Paragraph 143 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 143 of the Complaint as they call for a legal conclusion.

144.    The allegations in Paragraph 144 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 144 of the Complaint as they call for a legal conclusion.

145.     The allegations in Paragraph 145 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 145 of the Complaint as they call for a legal conclusion.

146.     The allegations in Paragraph 146 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 146 of the Complaint as they call for a legal conclusion.

147.     The allegations in Paragraph 147 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 147 of the Complaint as they call for a legal conclusion.

148.     The allegations in Paragraph 148 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 148 of the Complaint as they call for a legal conclusion.

149.     The allegations in Paragraph 149 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 149 of the Complaint as they call for a legal conclusion.

150.     The allegations in Paragraph 150 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither

admit nor deny the allegations in Paragraph 150 of the Complaint as they call for a legal conclusion.

### CLAIM NINE
### (Misappropriation of Trade Secrets - Greene)

151.    Defendants repeat, re-allege, and incorporate by reference their responses to the allegations in Paragraphs 1-150 of the Complaint.

152.    Defendants deny the allegations in Paragraph 152 of the Complaint.

153.    Defendants deny the allegations in Paragraph 153 of the Complaint.

154.    Defendants deny the allegations in Paragraph 154 of the Complaint.

155.    Defendants deny the allegations in Paragraph 155 of the Complaint.

156.    Defendants deny the allegations in Paragraph 156 of the Complaint.

157.    Defendants deny the allegations in Paragraph 157 of the Complaint.

158.    Defendants deny the allegations in Paragraph 158 of the Complaint.

159.    Defendants deny the allegations in Paragraph 159 of the Complaint.

160.    Defendants deny the allegations in Paragraph 160 of the Complaint.

161.    Defendants deny the allegations in Paragraph 161 of the Complaint.

### CLAIM TEN
### (Violation of Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, et seq. – Larry Sr.)

162.    Defendants repeat, re-allege, and incorporate by reference their responses to the allegations in Paragraphs 1-161 of the Complaint.

163.    The allegations in Paragraph 163 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 163 of the Complaint as they call for a legal conclusion.

164.    The allegations in Paragraph 164 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 164 of the Complaint as they call for a legal conclusion.

165.    The allegations in Paragraph 165 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 165 of the Complaint as they call for a legal conclusion.

166.    The allegations in Paragraph 166 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 166 of the Complaint as they call for a legal conclusion.

167.    The allegations in Paragraph 167 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 167 of the Complaint as they call for a legal conclusion.

168.    The allegations in Paragraph 168 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 168 of the Complaint as they call for a legal conclusion.

169.    The allegations in Paragraph 169 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither

35883970.4

admit nor deny the allegations in Paragraph 169 of the Complaint as they call for a legal conclusion.

170.     The allegations in Paragraph 170 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 170 of the Complaint as they call for a legal conclusion.

171.     The allegations in Paragraph 171 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 171 of the Complaint as they call for a legal conclusion.

## CLAIM ELEVEN
### (Violation of Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, et seq. – Greene)

172.     Defendants repeat, re-allege, and incorporate by reference their responses to the allegations in Paragraphs 1-171 of the Complaint.

173.     Defendants deny the allegations in Paragraph 173 of the Complaint.

174.     Defendants deny the allegations in Paragraph 174 of the Complaint.

175.     Defendants deny the allegations in Paragraph 175 of the Complaint.

176.     Defendants deny the allegations in Paragraph 176 of the Complaint.

177.     Defendants deny the allegations in Paragraph 177 of the Complaint.

178.     Defendants deny the allegations in Paragraph 178 of the Complaint.

179.     Defendants deny the allegations in Paragraph 179 of the Complaint.

180.     Defendants deny the allegations in Paragraph 180 of the Complaint.

181.     Defendants deny the allegations in Paragraph 181 of the Complaint.

35883970.4

## CLAIM TWELVE
### (Breach of Duty of Loyalty – Larry Sr.)

182.     Defendants repeat, re-allege, and incorporate by reference their responses to the allegations in Paragraphs 1-181 of the Complaint.

183.     The allegations in Paragraph 183 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 183 of the Complaint as they call for a legal conclusion.

184.     The allegations in Paragraph 184 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 184 of the Complaint as they call for a legal conclusion.

185.     The allegations in Paragraph 185 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 185 of the Complaint as they call for a legal conclusion.

186.     The allegations in Paragraph 186 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 186 of the Complaint as they call for a legal conclusion.

187.     The allegations in Paragraph 187 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 187 of the Complaint as they call for a legal conclusion.

35883970.4

188.     The allegations in Paragraph 188 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 188 of the Complaint as they call for a legal conclusion.

## CLAIM THIRTEEN
### (Interference with a Business Relationship and/or Expectancy – Larry Sr.)

189.     Defendants repeat, re-allege, and incorporate by reference their responses to the allegations in Paragraphs 1-188 of the Complaint.

190.     The allegations in Paragraph 190 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 190 of the Complaint as they call for a legal conclusion.

191.     The allegations in Paragraph 191 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 191 of the Complaint as they call for a legal conclusion.

192.     Defendants deny the allegations in Paragraph 192 of the Complaint.

193.     Defendants deny the allegations in Paragraph 193 of the Complaint.

194.     The allegations in Paragraph 194 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 194 of the Complaint as they call for a legal conclusion.

35883970.4

**CLAIM FOURTEEN**
**(Interference with a Business Relationship and/or Expectancy – Greene)**

195.     Defendants repeat, re-allege, and incorporate by reference their responses to the allegations in Paragraphs 1-194 of the Complaint.

196.     Defendants deny the allegations in Paragraph 196 of the Complaint.

197.     Defendants deny the allegations in Paragraph 197 of the Complaint.

198.     Defendants deny the allegations in Paragraph 198 of the Complaint.

199.     Defendants deny the allegations in Paragraph 199 of the Complaint.

200.     Defendants deny the allegations in Paragraph 200 of the Complaint.

**CLAIM FIFTEEN**
**(Interference with a Business Relationship and/or Expectancy – BidFacts)**

201.     Defendants repeat, re-allege, and incorporate by reference their responses to the allegations in Paragraphs 1-200 of the Complaint.

202.     Defendants deny the allegations in Paragraph 202 of the Complaint.

203.     Defendants deny the allegations in Paragraph 203 of the Complaint.

204.     Defendants deny the allegations in Paragraph 204 of the Complaint.

205.     Defendants deny the allegations in Paragraph 205 of the Complaint.

206.     Defendants deny the allegations in Paragraph 206 of the Complaint.

**CLAIM SIXTEEN**
**(Interference with a Business Relationship and/or Expectancy – BidPath)**

207.     Defendants repeat, re-allege, and incorporate by reference their responses to the allegations in Paragraphs 1-206 of the Complaint.

208.     Defendants deny the allegations in Paragraph 208 of the Complaint.

209.     Defendants deny the allegations in Paragraph 209 of the Complaint.

35883970.4

210.    Defendants deny the allegations in Paragraph 210 of the Complaint.

211.    Defendants deny the allegations in Paragraph 211 of the Complaint.

212.    Defendants deny the allegations in Paragraph 212 of the Complaint.

## CLAIM SEVENTEEN
### (Civil Conspiracy Against Larry Sr., Greene, and BidFacts)

213.    Defendants repeat, re-allege, and incorporate by reference their responses to the allegations in Paragraphs 1-212 of the Complaint.

214.    Defendants deny the allegations in Paragraph 214 of the Complaint.

215.    Defendants deny the allegations in Paragraph 215 of the Complaint.

216.    Defendants deny the allegations in Paragraph 216 of the Complaint.

217.    Defendants deny the allegations in Paragraph 217 of the Complaint.

218.    Defendants deny the allegations in Paragraph 218 of the Complaint.

## CLAIM EIGHTEEN
### (Conversion - Larry Sr.)

219.    Defendants repeat, re-allege, and incorporate by reference their responses to the allegations in Paragraphs 1-218 of the Complaint.

220.    The allegations in Paragraph 220 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 220 of the Complaint as they call for a legal conclusion.

221.    The allegations in Paragraph 221 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 221 of the Complaint as they call for a legal conclusion.

35883970.4

222.    The allegations in Paragraph 222 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 222 of the Complaint as they call for a legal conclusion.

223.    The allegations in Paragraph 223 of the Complaint are not directed to Defendants and, as such, a response is not required.  To the extent a response is required, Defendants neither admit nor deny the allegations in Paragraph 223 of the Complaint as they call for a legal conclusion.

## INJUNCTIVE RELIEF SOUGHT BY SANDHILLS

224.    Defendants repeat, re-allege, and incorporate by reference their responses to the allegations in Paragraphs 1-223 of the Complaint.

225.    Defendants neither admit nor deny the allegations in Paragraph 225 of the Complaint as they call for a legal conclusion.

226.    Defendants neither admit nor deny the allegations in Paragraph 226 of the Complaint as they call for a legal conclusion.

227.    Defendants neither admit nor deny the allegations in Paragraph 227 of the Complaint as they call for a legal conclusion.

228.    Defendants neither admit nor deny the allegations in Paragraph 228 of the Complaint as they call for a legal conclusion.

229.    Defendants deny the allegations in Paragraph 229 of the Complaint.

230.    Defendants deny the allegations in Paragraph 230 of the Complaint.

231.    Defendants deny the allegations in Paragraph 231 of the Complaint.

232.    Defendants deny the allegations in Paragraph 232 of the Complaint.

35883970.4

233.    Defendants deny the allegations in Paragraph 233 of the Complaint.

234.    Defendants deny the allegations in Paragraph 234 of the Complaint.

235.    Defendants neither admit nor deny the allegations in Paragraph 235 of the Complaint as they call for a legal conclusion.

236.    Defendants neither admit nor deny the allegations in Paragraph 236 of the Complaint as they call for a legal conclusion.

237.    Defendants neither admit nor deny the allegations in Paragraph 237 of the Complaint as they call for a legal conclusion.

238.    Defendants neither admit nor deny the allegations in Paragraph 238 of the Complaint as they call for a legal conclusion.

239.    Defendants neither admit nor deny the allegations in Paragraph 239 of the Complaint as they call for a legal conclusion.

240.    Defendants neither admit nor deny the allegations in Paragraph 240 of the Complaint as they call for a legal conclusion.

241.    Defendants neither admit nor deny the allegations in Paragraph 241 of the Complaint as they call for a legal conclusion.

242.    Defendants neither admit nor deny the allegations in Paragraph 242 of the Complaint as they call for a legal conclusion.

243.    Defendants neither admit nor deny the allegations in Paragraph 243 of the Complaint as they call for a legal conclusion.

244.    Defendants neither admit nor deny the allegations in Paragraph 244 of the Complaint as they call for a legal conclusion.

245.    Defendants neither admit nor deny the allegations in Paragraph 245 of the Complaint as they call for a legal conclusion.

246.    Defendants neither admit nor deny the allegations in Paragraph 246 of the Complaint as they call for a legal conclusion.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, are the result of acts or omissions of third parties over whom Defendants did not have, nor ever had, control.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were directly and proximately caused by its own acts or omissions or the acts or omissions of those over whom it had control.

### FOURTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's claims are barred and/or offset by virtue of Plaintiff's own breach and/or by virtue of Plaintiff's own wrongful, unlawful, tortious or improper conduct.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed pursuant to the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed pursuant to the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed pursuant to the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that to grant relief to Plaintiff as requested would unjustly enrich Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because Defendants acted in accordance with all applicable laws, practices, and regulations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by its failure to mitigate any alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because Plaintiff did not suffer irreparable harm.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because Plaintiff did not have a reasonable expectation of future economic advantage.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because the information alleged to be confidential, proprietary, and/or trade secret was public and/or readily ascertainable by proper means or otherwise not treated by Plaintiff as confidential, proprietary, and/or trade secret.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any agreements between Plaintiff and Greene fail for lack of consideration or are otherwise invalid.

## FIFTEENTH AFFIRMATIVE DEFENSE

Without admitting any liability whatsoever, to the extent Plaintiff is adjudicated to be entitled to some recovery, such recovery shall be reduced by any amounts it may have already recovered through settlements with other parties, sales of property, or other sources.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor, and against Plaintiff, dismissing the Complaint with prejudice and awarding costs of suit, attorneys' fees, and such other relief as this Court deems just and proper.

**SAUL EWING ARNSTEIN & LEHR LLP**
*Attorneys for Defendants BidPath, Incorporated, BidFacts LLC, and Marlene Greene*


By:  /s/ Michael Rowan, Esq.
      Michael Rowan, Esq.

Dated: September 16, 2019

35883970.4

## COUNTERCLAIM
### (Defendant/CounterClaimant BidPath's Claim for Breach of Contract Against Plaintiff/CounterDefendant Sandhills Global, Inc.)

1.      Defendants repeat, re-allege, and incorporate by reference their responses to the allegations in Paragraphs 1-246 of the Complaint.

2.      On or about December 16, 2017, BidPath and EquipmentFacts, LLC ("EquipmentFacts") entered into an Auction Software Platform Service Agreement ("Auction Agreement").

3.      The Auction Agreement allowed EquipmentFacts, and subsequently Plaintiff, to utilize BidPath's platform to sell its products through live, online, and online-timed auctions.

4.      The Auction Agreement specified the fee associated with EquipmentFacts', and subsequently Plaintiff's, use of the platform for each type of auction.

5.      Plaintiff acquired EquipmentFacts in or about July of 2018.

6.      As part of that acquisition, Plaintiff acquired and/or assumed all of EquipmentFacts' rights and obligations under the Auction Agreement.  Indeed, Plaintiff utilized the platform to schedule numerous auctions after its acquisition of EquipmentFacts.

7.      Plaintiff sent a letter to BidPath to terminate the Auction Agreement on or about April 17, 2019.

8.      Prior to termination, Sandhills had created and scheduled many events through the end of 2019 in BidPath's system for upcoming auctions.  Sandhills has been invoiced for each event it created that is on BidPath's system.  Plaintiff had incurred charges from BidPath in the amount of $39,387.50 for auctions scheduled.  BidPath sent invoices to Plaintiff which itemized the amount owed for each auction.

9.      Despite demand, Plaintiff has not paid the amount owed.

-30-

WHEREFORE, BidPath respectfully requests that this Court enter judgment in its favor, and against Plaintiff, awarding it compensatory damages, interest, costs of suit, attorneys' fees, and such other relief as this Court deems just and proper.

**SAUL EWING ARNSTEIN & LEHR LLP**
*Attorneys for Defendants BidPath,*
*Incorporated, BidFacts LLC, and Marlene*
*Greene*


By: /s/ Michael Rowan, Esq.
        Michael Rowan, Esq.

Dated: September 16, 2019


## L.CIV.R. 11.2 CERTIFICATION

The undersigned hereby certifies that, to the best of his knowledge, this matter is not the subject of any other action pending in any court, or any pending or contemplated arbitration or administrative proceeding.  The undersigned further certifies that, to the best of his knowledge, there are no additional parties who should be joined in this matter at this time.

**SAUL EWING ARNSTEIN & LEHR LLP**
*Attorneys for Defendants BidPath,*
*Incorporated, BidFacts LLC, and Marlene*
*Greene*


By: /s/ Michael Rowan, Esq.
        Michael Rowan, Esq.

Dated: September 16, 2019

35883970.4