# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDHILLS GLOBAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> LAWRENCE GARAFOLA, individual, MARLENE GREENE, individual, LAWRENCE GARAFOLA, JR., individual, BIDPATH, INC., a Nevada corporation, and BIDFACTS, LLC, a California limited liability company, <br><br> Defendants. | Civil Action No.: 19-cv-17225 (MAS)(TJB) |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF SANDHILLS GLOBAL, INC.'S MOTION TO DISMISS DEFENDANT BIDPATH, INCORPORATED'S COUNTERCLAIM OR IN THE ALTERNATIVE TO TRANSFER

**SAUL EWING ARNSTEIN & LEHR LLP**
Dena B. Calo, Esq.
Michael Rowan, Esq.
650 College Road East, Suite 4000
Princeton, New Jersey  08540
Tel: (609) 452-3100
Fax: (609 452-3122
dena.calo@saul.com
michael.rowan@saul.com

*Attorneys for Defendants BidPath, Incorporated, BidFacts LLC, and Marlene Greene*

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND STATEMENT OF PLED FACTS ...................................1

ARGUMENT .................................................................................................................2

    I.      The General Venue Statute (28 U.S.C. §1391) Does Not Apply. ........2

    II.     The Forum Selection Clause Does Not Warrant Dismissal. ..................5

    III.    The Case Should Not Be Transferred Because Venue is Proper, and No Other District Can Hear the Counterclaim. ..............................7

    IV.    This Court Has Supplemental Jurisdiction to Hear the Counterclaim. ...............................................................................................8

CONCLUSION ...........................................................................................................11

# **TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Aldens, Inc. v. Packel*, 524 F.2d 38 (3d Cir. 1975)..................................................................8

*Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*,
    571 U.S. 49 (2013).................................................................................................5, 6

*Besthoff on behalf of World Water Works Holdings, Inc. v. Mitta*, No.
    CV171449JMVMF, 2018 WL 3425733 (D.N.J. July 16, 2018)..........................5

*Fallon v. Mercy Catholic Med. Ctr. of Se. Pennsylvania*, 877 F.3d 487
    (3d Cir. 2017)..........................................................................................................2

*Gen. Elec. Co. v. Marvel Rare Metals Co.*, 287 U.S. 430 (1932) .........................3, 4

*Lyon v. Whisman*, 45 F.3d 758 (3d Cir. 1995)..........................................................9

*Mercy Catholic Med. Ctr. of Se. Pennsylvania*, 877 F.3d 487 (3d Cir.
    2017) .......................................................................................................................1

*Podesta v. Hanzel*, 684 F. App'x 213 (3d Cir. 2017) ................................................5

*Samuels v. Medytox Sols., Inc.*, No. CIV.A. 13-7212 SDW, 2014 WL
    4441943 (D.N.J. Sept. 8, 2014) .............................................................................6

*Schaeffer v. New Jersey Transit Corp.*, No. 14-578-WJM-MF, 2014
    WL 8251607 (D.N.J. Aug. 26, 2014) ....................................................................9

*U.S. For Use & Benefit of Kashulines v. Thermo Contracting Corp.*,
    437 F. Supp. 195 (D.N.J. 1976)....................................................................3, 4, 9

*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)................................................9

*Verizon New Jersey, Inc. v. Ntegrity Telecontent Servs., Inc.*, 219 F.
    Supp. 2d 616 (D.N.J. 2002) ................................................................................10

*Victor Urban Renewal Grp. LLC v. City of Camden*, No.
    118CV10841NLHAMD, 2019 WL 1434718 (D.N.J. Mar. 31,
    2019) .......................................................................................................................5

*Watson v. Manhattan & Bronx Surface Transit Operating Auth.*, 487
    F. Supp. 1273 (D.N.J. 1980)..................................................................................4

**FEDERAL STATUTES**

28 U.S.C. § 1331 ................................................................................................................8

28 U.S.C. §1332 .................................................................................................................8

28 U.S.C. § 1367 ................................................................................................................9

28 U.S.C. § 1391 .....................................................................................................2, 3, 4, 5

28 U.S.C. § 1404 ........................................................................................................2, 6, 7

Fed. R. Civ. P. 12 .......................................................................................................2, 5, 6, 8

Fed. R. Civ. P. 13 ................................................................................................................8

**SECONDARY SOURCES**

6 Wright & Miller § 1422 (3d ed.) ......................................................................................9

6 Wright & Miller § 1424 (3d ed.) ......................................................................................3

36031086.4

Defendant BidPath, Inc. ("BidPath") submits the following memorandum of law in opposition to Plaintiff Sandhills Global, Inc.'s ("Sandhills") motion to dismiss Defendant's counterclaim, or in the alternative transfer venue (the "Motion"). As set forth below, the Court should DENY the Motion, as Sandhills has waived the right to contest venue by suing BidPath in this District, and there is no alternative federal district court where BidPath's counterclaim can be heard.

## INTRODUCTION AND STATEMENT OF PLED FACTS

Sandhills filed suit against BidPath alleging that BidPath interfered with an economic relationship and/or expectancy. (ECF No. 1, Count 16). BidPath filed an Answer, and raised a counterclaim against Sandhills for breach of contract (the "Counterclaim"). (ECF No. 16). The Counterclaim alleges that BidPath entered into an Auction Software Platform Service Agreement ("Auction Agreement") with EquipmentFacts, LLC ("EquipmentFacts") on or about December 16, 2017. (Id., Counterclaim ¶2). Sandhills acquired EquipmentFacts in or about July 2018, and assumed EquipmentFacts' rights and obligations under the Auction Agreement. (Id., Counterclaim ¶¶5-6). Subsequent to the acquisition, Sandhills utilized BidPath's services pursuant to the Auction Agreement. (Id., Counterclaim ¶6). Sandhills purported to terminate the Auction Agreement on or about April 17, 2019. (Id., Counterclaim ¶7). Sandhills incurred $39,387.50 in charges pursuant to the Auction

Agreement that were invoiced, but remain unpaid despite demand. (Id., Counterclaim ¶¶8-9).

Sandhills' Motion seeks to dismiss the Counterclaim pursuant to Fed. R. Civ. P. 12(b)(3) (improper venue), Fed. R. Civ. P. 12(b)(6) (failure to state a claim), and the doctrine of *forum non conveniens*. Alternatively, Sandhills asks the Court to transfer the Counterclaim to a district court in California pursuant to 28 U.S.C. §1404(a). Sandhills' Motion substantially relies upon a clause in the Auction Agreement providing that disputes under the agreement should be brought in the State of California.[1] Notwithstanding this provision, however, BidPath properly brought the Counterclaim in this District as a permissive counterclaim raised in response to Sandhills' initial suit.

## ARGUMENT

**I.     The General Venue Statute (28 U.S.C. §1391) Does Not Apply.**

Sandhills argues that the Counterclaim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) because the general venue statute, 28 U.S.C. §1391, is not

---

[1] BidPath acknowledges that Exhibit A to the Certification of Alexander Essay ("Essay Cert.") is a true and accurate copy of the Auction Agreement, and that it may be considered by the Court for the purpose of this Motion. Fallon v. Mercy Catholic Med. Ctr. of Se. Pennsylvania, 877 F.3d 487, 493 (3d Cir. 2017) ("Ordinarily, a court may not consider documents outside the pleadings when deciding a motion to dismiss. … However, a court may consider a document that is integral to or explicitly relied upon in the complaint.") (internal citations and quotations omitted).

2

satisfied. This is immaterial. "The federal venue statute, 28 U.S.C. §1391, prescribes the places where a suit may be 'brought,' and that statute has been strictly construed to apply only to the initiation of suit rather than to counterclaims." U.S. For Use & Benefit of Kashulines v. Thermo Contracting Corp., 437 F. Supp. 195, 197 (D.N.J. 1976); see also 6 Wright & Miller §1424 (3d ed.) ("In general, if defendant interposes a permissive counterclaim, plaintiff cannot object that the court lacks personal jurisdiction or that venue is improper for purposes of adjudicating the claim … Plaintiff, having chosen the forum in which to bring suit, is in no position to urge that a counterclaim cannot be entertained merely because, if prosecuted as an original action, it would have to be brought in another district.").

The United States Supreme Court originally espoused this rule in Gen. Elec. Co. v. Marvel Rare Metals Co., 287 U.S. 430 (1932). In that case, the petitioners, New York corporations, brought claims for patent infringement in the Northern District of Ohio against two Ohio corporations. Id., at 431. The Ohio corporations raised counterclaims, which the petitioners argued were improper under the applicable venue statute because the alleged infringement did not occur in Ohio, and petitioners did not have their regular place of business there. Id., at 434. The Court found that, although venue would have been improper had the counterclaim been raised on its own, the "setting up of a counterclaim against one already in a

court of his own choosing is very different, in respect to venue, from hailing him into that court." Id., at 435. Accordingly, the Court allowed the counterclaim to proceed despite being improper under the venue statute.

In Kashulines, this Court applied General Electric and upheld a counterclaim despite it failing to comply with the venue provision of the Miller Act. 437 F. Supp. at 197. As noted above, the Kashulines court specifically referenced 28 U.S.C. §1391, and observed that the general venue statute only applies to the initiation of a lawsuit, not to counterclaims. Id. This Court reiterated this finding in Watson v. Manhattan & Bronx Surface Transit Operating Auth., 487 F. Supp. 1273 (D.N.J. 1980), where it determined in the context of an interpleader action as follows:

> "If the civil action represented by the complaint can be 'brought' in this district in the venue sense, then a counterclaim for interpleader could be asserted even though the venue would not be proper if the interpleader were brought as an independent 'civil action'. This is so because venue provisions deal with where the action is 'brought,' and once an action is properly 'brought' in a district, the compulsory or permissive counterclaims may be asserted in that action." Id., at 1276.

4

Accordingly, as 28 U.S.C. §1391 does not apply to BidPath's Counterclaim for breach of contract, Sandhills' arguments pursuant to Fed. R. Civ. P. 12(b)(3) lack merit.

## II.     The Forum Selection Clause Does Not Warrant Dismissal.

BidPath does not deny that Supreme Court and Third Circuit jurisprudence indicates that it is feasible to dismiss an action under the doctrine of *forum non conveniens*, or pursuant to Fed. R. 12(b)(6), in the face of a valid forum selection clause. See Collins On behalf of herself v. Mary Kay, Inc., 874 F.3d 176, 186 (3d Cir. 2017); Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 60 (2013); Podesta v. Hanzel, 684 F. App'x 213, 216 (3d Cir. 2017). However, it is not clear whether following Atlantic Marine there is any distinction between the analysis under Fed. R. Civ. P. 12(b)(6) and that based upon *forum non conviens*. See, e.g., Besthoff on behalf of World Water Works Holdings, Inc. v. Mitta, No. CV171449JMVMF, 2018 WL 3425733, at *6-8 (D.N.J. July 16, 2018) (reviewing Fed. R. Civ. P. 12(b)(6) motion to enforce forum selection clause, and admonishing movant for not addressing *forum non conveniens* factors from Atlantic Marine in support of its motion); Victor Urban Renewal Grp. LLC v. City of Camden, No. 118CV10841NLHAMD, 2019 WL 1434718 at *1 (D.N.J. Mar. 31, 2019) (dismissing complaint due to forum selection clause, while failing to differentiate analysis under Fed. R. Civ. P. 12(b)(6) and *forum non conveniens*).

Case 3:19-cv-17225-MAS-TJB Document 27 Filed 10/21/19 Page 10 of 15 PageID: 363

Sandhills' Motion entirely relies upon the *forum non conveneins* analysis promulgated in Atlantic Marine as the basis for dismissal, and does not raise any separate argument pursuant to Fed. R. Civ. P. 12(b)(6) except to note that it is a *possible* means of enforcing a forum selection clause. Accordingly, BidPath agrees with Sandhills that Atlantic Marine and its progeny control the outcome of the Motion. See Atlantic Marine, 571 U.S. at 61 ("Even if a defendant could use Rule 12(b)(6) to enforce a forum-selection clause, that would not change our conclusions that … §1404(a) and the *forum non conveniens* doctrine provide appropriate enforcement mechanisms.").

Atlantic Marine changed the *forum non conveniens* calculus by finding that, in the face of a forum-selection clause, the filing party's choice in forum carries no weight, and the court should not consider arguments about the parties' private interests. Atlantic Marine, 571 U.S. 63-64. However, public interests including "judicial efficiency and avoidance of duplicative litigation" should still be considered. Samuels v. Medytox Sols., Inc., No. CIV.A. 13-7212 SDW, 2014 WL 4441943, at *10 (D.N.J. Sept. 8, 2014) (citing Lawrence v. Xerox Corp., 56 F.Supp.2d 442, 453–54 (D.N.J.1999)).

Here, if BidPath's Counterclaim had been brought in a separate action, the forum-selection clause may require dismissal or transfer. However, BidPath did not decide the forum. BidPath raised the Counterclaim once it had already been

6

36031086.4

hailed into this District. Moreover, the Auction Agreement upon which BidPath's Counterclaim relies is the primary document memorializing the business relationship between BidPath and EquipmentFacts (which was subsequently acquired by Sandhills). If Sandhills' Motion is granted, BidPath will be obligated to re-raise its Counterclaim in a separate suit in the California state court system, subjecting the parties (and the courts) to duplicative litigation over much of the same issues of fact and law. Accordingly, the interests of judicial economy and conserving judicial resources requires that these claims be heard together, and that the Motion be denied.

### III. The Case Should Not Be Transferred Because Venue is Proper, and No Other District Can Hear the Counterclaim.

Sandhills alternatively argues that, if the Counterclaim is not dismissed, it should be transferred pursuant to 28 U.S.C. §1404(a). §1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." As stated above, this Court is a proper venue to adjudicate the Counterclaim. Accordingly, no interest is served by transferring the Counterclaim to a district in California as Sandhills requests.

Further, §1404 exclusively allows for the Court to transfer a proceeding to a federal district court where it could have been initially brought. The Counterclaim

7

lacks independent federal subject matter jurisdiction, as the amount in controversy does not exceed $75,000, and there is no federal statute which could otherwise confer jurisdiction over the claim. See 28 U.S.C. §§1331, 1332(a). As set forth below, this Court only has supplemental jurisdiction to hear the Counterclaim. Accordingly, there is no other federal district court where the suit could have been properly raised, and no basis to effectuate any transfer.

**IV.     This Court Has Supplemental Jurisdiction to Hear the Counterclaim.**

Sandhills has not moved to dismiss on the basis of subject-matter jurisdiction, however, subject-matter jurisdiction may be examined *sua sponte*, and Fed. R. Civ. P. 12(h)(3) requires the Court to dismiss an action at any time if jurisdiction is lacking. Accordingly, BidPath takes this opportunity at the outset to establish the basis for this Court's exclusive federal jurisdiction over the Counterclaim as further support for why the claim should not be dismissed, and cannot be transferred.

The Counterclaim alleges that Sandhills owes BidPath $39,387.50 under the Auction Agreement. (ECF No. 16, Counterclaim ¶¶8-9). The Counterclaim is permissive, rather than compulsory, because it does not "arise[ ] out of the transaction or occurrence that is the subject matter of [Sandhills'] claim." Fed. R. Civ. P. 13(a)(1). Traditionally, courts have found that "permissive counterclaim[s] require[ ] an independent basis of federal jurisdiction." Aldens, Inc. v. Packel, 524

F.2d 38, 52 (3d Cir. 1975). However, there are exceptions to this rule. The first exception is in the case of a set-off, where the counterclaim serves to reduce any recovery under the primary suit without any affirmative relief. Kashulines, 437 F. Supp. at 199.

The second exception is supplemental jurisdiction pursuant to 28 U.S.C. §1367. See Schaeffer v. New Jersey Transit Corp., No. 14-578-WJM-MF, 2014 WL 8251607, at *1 (D.N.J. Aug. 26, 2014). Since the enactment of the supplemental jurisdiction statute courts have held that, even if a counterclaim is permissive and does not arise out of the same "transaction or occurrence" as the primary claim, it nonetheless may qualify for supplemental jurisdiction if it is found to arise out of facts bearing some relationship to the main claim so that it may be deemed part of the "same case or controversy." 6 Wright & Miller §1422 (3d ed.). The Third Circuit has interpreted §1367 as codifying the doctrine established by the Supreme Court in United Mine Workers v. Gibbs, wherein the Court articulated that supplemental jurisdiction is feasible when the state and federal claims "derive from a common nucleus of operative facts," and would be "ordinarily expected to [be tried] in one judicial proceeding." Lyon v. Whisman, 45 F.3d 758, 760 (3d Cir. 1995) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)). "The test for a 'common nucleus of operative facts' is not self-evident," and is fact-intensive. Lyon, 45 F.3d at 760.

9

In Verizon New Jersey, Inc. v. Ntegrity Telecontent Servs., Inc., 219 F. Supp. 2d 616, 619 (D.N.J. 2002) the plaintiff (Verizon) raised breach of contract claims against a local exchange carrier (Ntegrity) for failing to pay overdue bills. As counterclaims, Ntegrity raised mildly-related violations of the Sherman Act, the Clayton Act, state antitrust statutes, as well as state law claims for breach of contract and tortious interference. Id. Verizon moved to dismiss the federal counterclaims on their merits for failing to state a claim, and further argued that the state claims for breach of contract and tortious interference should be dismissed for lack of jurisdiction. Id., at 633. The court dismissed the federal claims, but disregarded Verizon's arguments concerning the state claims, noting "[a]s Counterclaims, Ntegrity's allegations are properly before this Court, and cannot be dismissed for the lack of an independent jurisdictional basis." Id. (citing 28 U.S.C. §1367(a)). Accordingly, the court found that although there was no independent jurisdiction for the counterclaims, it could exercise supplemental jurisdiction over them notwithstanding their loose relation to the initial claim.

Here, the Complaint and the Counterclaim arise from a common nucleus of operative facts, and therefore the Court should exercise supplemental jurisdiction. In the Complaint, Sandhills alleges that BidPath allegedly interfered with Sandhills' business opportunities by utilizing information it gleaned during their prior business relationship. (ECF No. 1, ¶¶65, 69, 209). As noted in the

10

Counterclaim, the business relationship between Sandhills and BidPath was governed by the Auction Agreement. (See ECF No. 16, Counterclaim ¶¶2-6). The same Auction Agreement specifically describes how the parties were to treat "Client Confidential Information" and "Client Data." (Essay Cert., Exh. A). Sandhills' claim that BidPath allegedly used the information disclosed to it to gain an unlawful business advantage will intrinsically rely upon the Auction Agreement as reflective of the parties' understanding concerning confidentiality and proprietary information. To that end, any and all disputes concerning the Auction Agreement, including BidPath's Counterclaim for past-due funds, and Sandhills' primary claim for tortious interference, are tied to the same "common nucleus of operative facts," and should be litigated as part of the same "case and controversy."

For these reasons, this Court has supplemental jurisdiction over the Counterclaim, and is the only federal district court where it may be litigated.

## CONCLUSION

For the foregoing reasons, Sandhill's Motion should be DENIED.

                                **SAUL EWING ARNSTEIN & LEHR LLP**
                                *Attorneys for Defendants BidPath,*
                                *Incorporated, BidFacts LLC, and*
                                *Marlene Greene*

                                By:   /s/ Michael Rowan
                                          Michael Rowan

Dated:  October 21, 2019