UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDHILLS GLOBAL, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>LAWRENCE GARAFOLA, individual, MARLENE GREENE, individual, LAWRENCE GARAFOLA, JR., individual, BIDPATH, INC., a Nevada corporation, and BIDFACTS, LLC, a California limited liability company,<br><br>    Defendants. | Case No. 3:19-cv-17225-MAS-TJB<br><br><br>**Returnable**: November 4, 2019 |

**REPLY BRIEF IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM OF DEFENDANT BIDPATH, INC. PURSUANT TO FED. R. CIV. P. 12(b)(3) AND 12(b)(6) OR IN THE ALTERNATIVE, TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

BRESSLER, AMERY & ROSS, P.C.
John D. Miller, III
Benjamin J. DiLorenzo
Justin E. Condit
325 Columbia Turnpike
Florham Park, NJ 07932
P: 973.514-1200
F: 973.514.1660
jmiller@bressler.com
bdilorenzo@bressler.com
jcondit@bressler.com
*Attorneys for Plaintiff, Sandhills Global, Inc.*

KOLEY JESSEN PC, LLO
Margaret C. Hershiser, Neb. #19545
(Admitted *pro hac vice*)
Patrice D. Ott, Neb. #24435
(Admitted *pro hac vice*)
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124-1079
(402) 390-9500
(402) 390-9500 (facsimile)
Margaret.hershiser@koleyjessen.com
Patrice.ott@koleyjessen.com
*Attorneys for Plaintiff, Sandhills Global, Inc.*

## **TABLE OF CONTENTS**

A. The binding forum-selection clause provides for venue in California. ................................ 1

B. The General Venue Statute (28 USC § 1391) does apply to Counterclaims. ....................... 3

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*,
   571 U.S. 49, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013) ........................................................ 1, 2

*Faloni & Assocs., LLC v. Citibank, N.A.*,
   Civil Action No. 19-9494 (ES) (MAH), 2019 U.S. Dist. LEXIS 178896
   (D.N.J. Oct. 16, 2019) ............................................................................................................. 2

*Neonatal Prod. Group, Inc. v. Shields*,
   13-2601-DDC-KGS, 2017 WL 3116686 (D. Kan. July 20, 2017) ......................................... 3

*Socy. of Lloyd's v. Silversmith*,
   02-CV-01961-REB-OES, 2005 WL 8171450 (D. Colo. Aug. 10, 2005) ................................ 3

*U.S. For Use and Benefit of Kashulines v. Thermo Contracting Corp.*,
   437 F. Supp. 195 (D.N.J. 1976) .............................................................................................. 3

**Statutes**

28 U.S.C. § 1391 ......................................................................................................................... 3, 4

28 U.S.C. § 1404(a) ........................................................................................................................ 3

**Rules**

Fed. R. Civ. P. 12(b)(3) ........................................................................................................... 3, 4, 5

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 1, 3, 5

Plaintiff Sandhills Global, Inc. ("Sandhills") respectfully submits the following reply brief in further support of its Motion to Dismiss the Counterclaim of Defendant BidPath, Inc. ("BidPath"). (ECF No. 25).

**A.      The binding forum-selection clause provides for venue in California.**

BidPath's Opposition provides no basis for this Court to ignore the parties' valid forum-selection clause contained in the Auction Software Platform Service Agreement (the "Auction Agreement"). (ECF 27). BidPath does not deny the validity of the forum-selection provision; rather, BidPath claims the relevant "public interest" factors outweigh this Court's enforcement of the parties' choice of forum. (*Id.*, p. 6). However, the Supreme Court advised in *Atlantic Marine* that "public interest" factors will overcome a forum selection clause in only the most "unusual" and "extraordinary" circumstances. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas,* 571 U.S. 49, 66, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487 (2013). Moreover, the party resisting the application of a forum selection clause "bears a heavy burden" to avoid the parties' chosen forum. *Id.* BidPath has not met this "heavy burden" to avoid the parties' chosen forum of California, and this Court should dismiss BidPath's Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) or based on the doctrine of *forum non conveniens*.

As noted in the Opposition, it is feasible to dismiss an action under the doctrine of *forum non conveniens* or pursuant to Fed. R. Civ. P. 12(b)(6). Here, contrary to BidPath's suggestion that Sandhills did not request relief under Rule 12(b)(6), Sandhills expressly requested that the Court dismiss BidPath's Counterclaim and enforce the parties' forum-selection provision pursuant to Rule 12(b)(6) and the doctrine of *forum non conveniens*. (*See* ECF 25-1*,* p. 6, "BidPath's counterclaim should nevertheless be dismissed pursuant to Rule 12(b)(6) or the doctrine of *forum non conveniens*."). Thus, BidPath's statement that Sandhills' merely notes that Rule 12(b)(6) "is a *possible* means of enforcing a forum selection clause" is inaccurate.

Additionally, a review of the "public interest" factors further shows why the parties' contractually chosen forum should be enforced and dismissal of BidPath's Counterclaim is appropriate. BidPath claims that the "public interest" factors weigh in favor of allowing BidPath to maintain its Counterclaim in this proceeding, particularly the factor of "judicial efficiency and avoidance of duplicative litigation." However, BidPath's assertion of its Counterclaim in the state courts of California would not result in "duplicative litigation" because Sandhills' Complaint is unrelated to BidPath's Counterclaim. BidPath's claim that refiling its Counterclaim in California state court would "subject the parties to duplicative litigation over much of the same issues of fact and law" is unpersuasive.

This argument is particularly puzzling because subsequently in its Opposition, BidPath admits its Counterclaim "does not arise out of the transaction or occurrence that is the subject matter of Sandhills' claim." As BidPath admits, Sandhills' lawsuit against BidPath and the other defendants centers around the Defendants' collective scheme to start a competing business with Sandhills' employees that were bound by restrictive covenants. (ECF 1). BidPath's Counterclaim is unrelated to these claims; rather, it involves BidPath's claim that Sandhills failed to pay certain invoices pursuant to the terms of the Auction Agreement. Given the separate and unrelated nature of these claims, dismissal of the Counterclaim from this lawsuit would not result in "duplicative litigation over much of the same issues of fact and law." The underlying issues of fact and law are completely different.

The public interest weighs in favor of enforcing valid and previously negotiated forum-selection provisions. *Atlantic Marine*, 571 U.S. at 583 ("When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations"); *see also Faloni & Assocs., LLC v. Citibank, N.A.*, Civil Action No. 19-9494 (ES) (MAH), 2019 U.S. Dist. LEXIS 178896, at *9 (D.N.J. Oct. 16, 2019) (In granting defendant's

2

motion to transfer case from New Jersey to South Dakota pursuant to 28 U.S.C. § 1404(a) and the parties' agreed upon forum selection clause, court noted that, while it must consider public interest concerns as part of its analysis, "'[b]ecause [the public interest] factors will rarely defeat a transfer motion, the practical result is that the forum-selection clauses should control except in unusual cases.'" (citation omitted)). There is no dispute that another forum, California, could hear BidPath's counterclaim. For these reasons, this Court should dismiss BidPath's Counterclaim based on the doctrine pursuant to Fed. R. Civ. P. 12(b)(6) or because this Court is a *forum non conveniens*.

**B.      The General Venue Statute (28 USC § 1391) does apply to Counterclaims.**

Rule 12(b)(3) of the Federal Rules of Civil Procedure allows a party to raise the defense of improper venue by motion. The standards for determining whether venue is proper are governed by 28 U.S.C. § 1391(b). Contrary to BidPath's argument raised in its Opposition, counterclaims are subject to the requirements contained in 28 U.S.C. § 1391(b). BidPath relies on a 1976 case for the proposition that the federal venue statute only applies to the initiation of a suit rather than to counterclaims. *See U.S. For Use and Benefit of Kashulines v. Thermo Contracting Corp.*, 437 F. Supp. 195, 197 (D.N.J. 1976). Thus, BidPath argues, 28 U.S.C. § 1391 does not apply to BidPath's Counterclaim for breach of contract.

However, several federal courts have recently held that counterclaims are subject to the venue requirements of 28 U.S.C. § 1391(b) and must have an independent basis for venue to be proper. *See, e.g., Neonatal Prod. Group, Inc. v. Shields,* 13-2601-DDC-KGS, 2017 WL 3116686, at *2 (D. Kan. July 20, 2017) (In analyzing whether a Counterclaim was subject to dismissal under Rule 12(b)(3), the court held "[A]meda has responded to this Counterclaim by filing a Motion to Dismiss under Fed. R. Civ. P. 12(b)(3). It asserts that venue is not proper in this district. For reasons explained below, the court grants Ameda's motion in part."); *Socy. of Lloyd's v.*

3

*Silversmith*, 02-CV-01961-REB-OES, 2005 WL 8171450, at *1 (D. Colo. Aug. 10, 2005) (Enforcing the parties' forum selection clause as to Defendants' Counterclaim, holding "For these reasons, defendants' counterclaims should be dismissed for improper venue."). For the reasons discussed in Sandhills' Brief in Support of its Motion to Dismiss BidPath's Counterclaim, this Court is an improper venue for BidPath to pursue its counterclaim because none of the three statutory bases for establishing venue contained in 28 U.S.C. § 1391(b)(1)-(3) are satisfied. BidPath's counterclaim should be dismissed pursuant to Rule 12(b)(3).

                                  SANDHILLS GLOBAL, INC., Plaintiff,

By: */s/ John D. Miller, III*
     John D. Miller, III
     Benjamin J. DiLorenzo
     Justin E. Condit
     BRESSLER, AMERY & ROSS, P.C.
     325 Columbia Turnpike
     Florham Park, NJ 07932

     AND

     Margaret C. Hershiser, admitted *pro hac vice*
     Patrice D. Ott, admitted *pro hac vice*
     KOLEY JESSEN P.C., L.L.O.
     One Pacific Place, Suite 800
     1125 South 103rd Street
     Omaha, NE 68124-1079

Attorneys for Plaintiff Sandhills Global, Inc.

Dated October 28, 2019.

## **CERTIFICATION OF SERVICE**

1.    On October 28, 2019, I caused to be filed with the Clerk of the United States District Court for the District of New Jersey Plaintiff Sandhills Global, Inc.'s ("Plaintiff" or "Sandhills") reply brief in further support of its motion to dismiss Defendant BidPath, Inc.'s Counterclaim, pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6).

2.    On October 28, 2019, I caused a copy of the foregoing motion papers to be served electronically via CM/ECF upon counsel for all Defendants as follows:

>Michael Rowan, Esq.
>Dena Calo, Esq.
>Saul Ewing
>650 College Road East, Suite 4000
>Princeton, NJ  08540
>Michael.Rowan@saul.com
>Dena.Calo@saul.com
>Attorneys for Defendants BidFacts, BidPath and Marlene Greene

>and

>Steven Farsiou, Esq.
>TRINITY & FARSIOU, LLC
>47 Maple Avenue, Suite 7
>Flemington, NJ 08822
>sfarsiou@trinityandfarsiou.com
>Attorneys for Defendants Lawrence Garafola, Sr. and Lawrence Garafola Jr.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated:  October 28, 2019

                  */s/ John D. Miller, III*
                  John D. Miller, III

4830-5206-4426.3