UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDHILLS GLOBAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> LAWRENCE GARAFOLA, individual, MARLENE GREENE, individual, LAWRENCE GARAFOLA, JR., individual, BIDPATH, INC., a Nevada corporation, and BIDFACTS, LLC, a California limited liability company, <br><br> Defendants. | Case No. 3:19-cv-17225-MAS-TJB <br><br><br> **Returnable**:  **November 4, 2019** |

**REPLY BRIEF IN FURTHER SUPPORT OF PLAINTIFF'S PARTIAL MOTION TO DISMISS COUNTERCLAIM OF DEFENDANT LAWRENCE GARAFOLA, SR. PURSUANT TO FED. R. CIV. P. 12(b)(6)**

BRESSLER, AMERY & ROSS, P.C.
John D. Miller, III
Benjamin J. DiLorenzo
Justin E. Condit
325 Columbia Turnpike
Florham Park, NJ 07932
P: 973.514-1200
F: 973.514.1660
jmiller@bressler.com
bdilorenzo@bressler.com
jcondit@bressler.com
*Attorneys for Plaintiff, Sandhills Global, Inc.*

KOLEY JESSEN PC, LLO
Margaret C. Hershiser, Neb. #19545
(Admitted *pro hac vice*)
Patrice D. Ott, Neb. #24435
(Admitted *pro hac vice*)
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124-1079
(402) 390-9500
(402) 390-9500 (facsimile)
Margaret.hershiser@koleyjessen.com
Patrice.ott@koleyjessen.com
*Attorneys for Plaintiff, Sandhills Global, Inc.*

# **TABLE OF CONTENTS**

A.   INTRODUCTION .................................................................................................................. 1

B.   LEGAL ARGUMENT......................................................................................................... 2

   1.   Defendant Larry Sr. cannot state a claim for invasion of privacy..................................... 2

   2.   Amending Count Six would be futile and is therefore unwarranted. ............................... 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armano v. Martin*,
    157 F. Supp. 3d 392 (D. N. J. 2016), *aff'd*, 703 F. App'x 111 (3d Cir. 2017) ..........................1

*Ashcroft v. Iqbal*,
    556 U. S. 662 (2009)................................................................................................................1

*Bell Atlantic Corp. v. Twombly*,
    550 U. S. 544 (2007)................................................................................................................1

*Budhun v. Reading Hosp. & Med. Ctr.*,
    765 F. 3d 245 (3d Cir. 2014)....................................................................................................4

*Castro v. NYT Television*,
    370 N. J. Super. 282, 851 A. 2d 88 (App. Div. 2004) .............................................................2

*Fundamental Admin. Servs., LLC v. Anderson*,
    No. CIV. JKB-13-1708, 2014 WL 5797125 (D. Md. Nov. 6, 2014)........................................4

*Moore v. Univ. Hospitals Cleveland Med. Ctr.*,
    No. 1:11-CV-00508, 2011 WL 5554272 (N. D. Ohio Nov. 15, 2011).....................................2

*Plouffe v. Cevallos*,
    777 F. App'x 594 (3d Cir. 2019) .............................................................................................4

**Rules**

Fed. R. Civ. P. 12(b)(6)..................................................................................................................6

**Other Authorities**

Merriam-Webster's Collegiate Dictionary (11th ed. 2003).............................................................3

Restatement (Second) of Torts § 652C cmt....................................................................................2

Plaintiff Sandhills Global, Inc. ("Sandhills") respectfully submits the following reply brief in further support of its Motion to Dismiss Counterclaim of Defendant Lawrence Garafola, Sr.'s ("Larry Sr.") Counterclaim.

**A.     INTRODUCTION**

Larry Sr. cannot state a claim for invasion of privacy based on the facts alleged in the Counterclaim nor can he state such a claim based on the expanded set of allegations included in his Opposition (ECF 23) (the "Opposition"). As previously noted, Larry Sr. has not, and cannot in good faith, allege that Sandhills used his name or likeness for any commercial benefit or purpose. Moreover, even if the underlying facts of this case could support such a claim (which they cannot), Larry Sr. has nonetheless failed to plead sufficient facts. *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009). In recognition of this fact, Larry Sr. is now attempting to inject new "facts" and allegations that are outside of his Counterclaim to avoid dismissal of Count Six of the Counterclaim.[1]

Specifically, the five page "Preliminary Statement" of the Opposition presents numerous "facts" (which are then relied on through the Opposition) that are not contained in the Counterclaim. (compare ECF 23 to ECF 28, at pp. 4-8). Of course, the general rule is that in analyzing a motion to dismiss, courts "only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice." *Armano v. Martin*, 157 F. Supp. 3d 392, 400 (D. N. J. 2016), *aff'd*, 703 F. App'x 111 (3d Cir. 2017). Accordingly, this Court is free to disregard any additional facts or materials that are outside of the Counterclaim from its consideration of Sandhills' Partial Motion to Dismiss. To the extent "the court does not exclude those matters," this motion should "be treated as a summary judgment motion pursuant to Rule

---

[1] In the Opposition, Larry Sr. agreed to dismiss Count Seven of the Counterclaim (breach of contract-lease agreement) without prejudice. (ECF 28, at p. 8). Accordingly, the discussion in this brief will focus on Count Six of the Counterclaim.

56." *Id.* Sandhills requests that the Court limit its consideration to only the facts alleged in the Counterclaim and disregard any additional facts asserted in the Opposition.[2] Notably, the outcome is the same under either the motion to dismiss or summary judgment standard – Larry Sr. cannot state a claim for appropriation of name or likeness.

B.     **LEGAL ARGUMENT**

    1.     **Defendant Larry Sr. cannot state a claim for invasion of privacy.**

Count Six (invasion of privacy) fails because the alleged conduct that Larry Sr. relies on to assert this claim simply does not support such a claim. As explained in the Restatement (Second) of Torts § 652C cmt. b (the "Restatement"), "[t]he common form of invasion of privacy under the rule here stated is the appropriation and use of the plaintiff's name or likeness to advertise the defendant's business or product, or for some similar commercial purpose." The Counterclaim does not allege that Sandhills used Larry Sr.'s "name or likeness to advertise [its] business or product . . . ." *Id.* Instead, Count Six is based on the assertion that Sandhills "received personal and confidential information" by accessing his personal Staples account. (ECF 23 at ¶¶ 126-131).

As a general matter, the receipt of personal and confidential information is not a benefit upon which a claim for "commercial appropriation of a person's name or likeness" can be based. *Castro v. NYT Television*, 370 N. J. Super. 282, 296, 851 A. 2d 88, 96 (App. Div. 2004). In fact, Section 652C of the Restatement explains that liability for such a claim only arises if the defendant has used, or benefited from, "the *reputation, prestige, social* or *commercial standing*, *public interest* or other values associated with the plaintiffs' name or likeness. " (emphasis added). *See also, e.g., Moore v. Univ. Hospitals Cleveland Med. Ctr.* , No. 1:11-CV-00508, 2011 WL 5554272, at *4 (N. D. Ohio Nov. 15, 2011) (concluding that plaintiff was "not asserting a claim for

---

[2] Tellingly, the new "facts" put forth in Larry Sr.'s opposition brief are not supported by an affidavit or declaration from Larry Sr. or any other person with personal knowledge. As such, the Court should disregard the new "facts" as unsupported allegations not contained in his Counterclaim.

2

appropriation of another's name or likeness . . . ' " when the plaintiff alleged his former employer "'broke into' [his] email account. '") Here, Larry Sr. does not assert, nor is there a good faith basis to assert, that Sandhills' alleged receipt of his personal and confidential information resulted in Sandhills benefiting from his reputation, commercial standing, or any other similar value that is associated with his name or likeness. Accordingly, Count Six fails for this reason alone.

Furthermore, Larry Sr. does not assert that Sandhills actually used Larry Sr.'s name or likeness to allegedly access his personal Staples account; rather, Larry Sr. asserts that Sandhills accessed his "personal Staples account through Larry Sr.'s former Sandhills email and/or phone number. " (ECF 23 at ¶128). In other words, the Counterclaim asserts that Sandhills accessed Larry Sr.'s personal Staples account through: (1) an email address owned by Sandhills, or (2) a phone number used by Larry Sr. *Id.* First, the email address assigned to Larry Sr. as an employee of Sandhills is owned by Sandhills. Therefore, Sandhills cannot wrongfully appropriate its own property. Second, Larry Sr.'s name or likeness does not include a phone number used by him. *See, e.g. ,* Merriam-Webster's Collegiate Dictionary, 721 (11th ed. 2003) (defining "likeness" as a "1: copy, portrait; 2: appearance, semblance; 3: the quality or state of being, resemblance"). Put simply, Larry Sr.'s claim fails for the fundamental reason that it does not involve an alleged appropriation of his *name* or *likeness*.

Although the additional "facts" included in the Opposition should be excluded from the Court's consideration, to the extent the Court does consider these "facts" (and thereby converts this motion into a motion for summary judgment), the additional allegations are similarly without merit. One specific allegation that is pertinent to Larry Sr.'s claim in Count Six is that Sandhills somehow appropriated his name or likeliness by "utilizing Larry Sr.'s 'work' email address," without any context or facts to support this assertion. (ECF 28 at p. 8). Due to the absence of admissible facts to substantiate this claim, it is not clear exactly what Larry Sr. means by "utilizing"

3

his work email address. However, Sandhills assumes that Larry Sr. is taking issue with the fact that Sandhills has not completely deactivated the work email account assigned to Larry Sr. (which is a common practice). A federal district court in Maryland dismissed a claim for appropriation of name or likeness based on very similar allegations, going so far as to describe the allegations as "border[ing] on, if not indeed constitut[ing], frivolousness. " *Fundamental Admin. Servs. , LLC v. Anderson*, No. CIV. JKB-13-1708, 2014 WL 5797125, at *6 (D. Md. Nov. 6, 2014). The same outcome is warranted in this case. In short, Larry Sr.'s allegations do not, and cannot, state a claim for appropriation of name or likeness.

### 2. Amending Count Six would be futile and is therefore unwarranted.

Although leave to amend should "be freely given when justice so requires," such "leave to amend is not an absolute right. " *Plouffe v. Cevallos*, 777 F. App'x 594, 602 (3d Cir. 2019). As such, "a court may deny leave to amend when such amendment would be futile. " *Budhun v. Reading Hosp. & Med. Ctr. *, 765 F. 3d 245, 259 (3d Cir. 2014). "Amendment would be futile if the amended complaint would not survive a motion to dismiss for failure to state a claim. " *Id.* Given the fact that Count Six is subject to dismissal both for failing to satisfy the pleading standards, and failing to meet the *prima facie* element, amendment is futile and the request should be denied.

                SANDHILLS GLOBAL, INC. , Plaintiff,

                */s/ John D. Miller, III*
By: _____
                John D. Miller, III
                Benjamin J. DiLorenzo
                Justin E. Condit
                BRESSLER, AMERY & ROSS, P. C.
                325 Columbia Turnpike
                Florham Park, NJ 07932

                AND

                                                        Margaret C. Hershiser, admitted *pro hac vice*
                                                        Patrice D. Ott, admitted *pro hac vice*
                                                        KOLEY JESSEN P.C., L.L.O.
                                                        One Pacific Place, Suite 800
                                                        1125 South 103rd Street
                                                        Omaha, NE 68124-1079

                                                        Attorneys for Plaintiff Sandhills Global, Inc.

Dated:  October 28, 2019

5

## CERTIFICATION OF SERVICE

1. On October 28, 2019, I caused to be filed with the Clerk of the United States District Court for the District of New Jersey Plaintiff Sandhills Global, Inc.'s reply brief in further support of its motion to dismiss Defendant Lawrence Garafola, Sr.'s Counterclaim, pursuant to Fed. R. Civ. P. 12(b)(6).

2. On October 28, 2019, I caused a copy of the foregoing to be served electronically via CM/ECF upon counsel for all Defendants as follows:

> Michael Rowan, Esq.
> Dena Calo, Esq.
> Saul Ewing
> 650 College Road East, Suite 4000
> Princeton, NJ 08540
> Michael. Rowan@saul.com
> Dena. Calo@saul.com
> Attorneys for Defendants BidFacts, BidPath and Marlene Greene

> and

> Steven Farsiou, Esq.
> TRINITY & FARSIOU, LLC
> 47 Maple Avenue, Suite 7
> Flemington, NJ 08822
> sfarsiou@trinityandfarsiou.com
> Attorneys for Defendants Lawrence Garafola, Sr. and Lawrence Garafola Jr.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

                                                          */s/ John D. Miller, III*

Dated: October 28, 2019                                        John D. Miller, III