BRESSLER, AMERY & ROSS, P.C.
John D. Miller, III
Justin E. Condit
325 Columbia Turnpike
Florham Park, NJ 07932
P: (973) 514-1200
F: (973) 514-1660
jmiller@bressler.com
jcondit@bressler.com

and

KOLEY JESSEN PC, LLO
Margaret C. Hershiser, admitted *pro hac vice*
Patrice D. Ott, admitted *pro hac vice*
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124-1079
(402) 390-9500
(402) 390-9500 (facsimile)
Margaret.hershiser@koleyjessen.com
Patrice.ott@koleyjessen.com
*Attorneys for Plaintiff Sandhills Global, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDHILLS GLOBAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE GARAFOLA, individual, MARLENE GREENE, individual, LAWRENCE GARAFOLA, JR., individual, BIDPATH, INC., a Nevada corporation, and BIDFACTS, LLC, a California limited liability company,<br><br>Defendants. | Civil Action No. 3:19-cv-17225 (MAS) (TJB)<br><br><br>**PLAINTIFF SANDHILLS GLOBAL, INC.'S ANSWER AND DEFENSES TO DEFENDANT LAWRENCE GARAFOLA'S COUNTERCLAIMS** |

Plaintiff Sandhills Global, Inc. ("Sandhills") respectfully submits the following Answer

and Defenses to Defendant Lawrence Garafola's ("Garafola") Counterclaim:

## ANSWER TO FACTS RELEVANT TO ALL COUNTS[1]

Pre-Equipmentfacts

1.      Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 1 of the Counterclaim and therefore denies the same.

2.      Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 2 of the Counterclaim and therefore denies the same.

3.      Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 3 of the Counterclaim and therefore denies the same.

4.      Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 4 of the Counterclaim and therefore denies the same.

5.      Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 5 of the Counterclaim and therefore denies the same.

6.      Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 6 of the Counterclaim and therefore denies the same.

7.      Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 7 of the Counterclaim and therefore denies the same.

8.      Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 8 of the Counterclaim and therefore denies the same.

9.      Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 9 of the Counterclaim and therefore denies the same.

10.      Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 10 of the Counterclaim and therefore denies the same.

---

[1] Garafola's Counterclaim starts with Paragraph No. 1. Sandhills' response uses Garafola's numbering convention.

11.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 11 of the Counterclaim and therefore denies the same.

12.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 12 of the Counterclaim and therefore denies the same.

13.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 13 of the Counterclaim and therefore denies the same.

14.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 14 of the Counterclaim and therefore denies the same.

15.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 15 of the Counterclaim and therefore denies the same.

Pre-Equipmentfacts

16.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 16 of the Counterclaim and therefore denies the same.

17.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 17 of the Counterclaim and therefore denies the same.

18.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 18 of the Counterclaim and therefore denies the same.

19.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 19 of the Counterclaim and therefore denies the same.

20.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 20 of the Counterclaim and therefore denies the same.

21.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 21 of the Counterclaim and therefore denies the same.

22.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 22 of the Counterclaim and therefore denies the same.

Birth of Equipmentfacts

23.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 23 of the Counterclaim and therefore denies the same.

24.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 24 of the Counterclaim and therefore denies the same.

25.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 25 of the Counterclaim and therefore denies the same.

26.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 26 of the Counterclaim and therefore denies the same.

Evolution of Equipmentfacts

27.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 27 of the Counterclaim and therefore denies the same.

28.     Sandhills admits that it terminated Mr. Graziano in August 2019. Sandhills is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Counterclaim and therefore denies the same.

29.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 29 of the Counterclaim and therefore denies the same.

30.     Sandhills admits it terminated the employment of Ms. Ruiz-Diaz and Ms. Denina. Sandhills is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Counterclaim and therefore denies the same.

31.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 31 of the Counterclaim and therefore denies the same.

32.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 32 of the Counterclaim and therefore denies the same.

33.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 33 of the Counterclaim and therefore denies the same.

34.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 34 of the Counterclaim and therefore denies the same.

35.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 35 of the Counterclaim and therefore denies the same.

36.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 36 of the Counterclaim and therefore denies the same.

37.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 37 of the Counterclaim and therefore denies the same.

38.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 38 of the Counterclaim and therefore denies the same.

39.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 39 of the Counterclaim and therefore denies the same.

40.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 40 of the Counterclaim and therefore denies the same.

41.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 41 of the Counterclaim and therefore denies the same.

42.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 42 of the Counterclaim and therefore denies the same.

43.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 43 of the Counterclaim and therefore denies the same.

44.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 44 of the Counterclaim and therefore denies the same.

45.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 45 of the Counterclaim and therefore denies the same.

46.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 46 of the Counterclaim and therefore denies the same.

47.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 47 of the Counterclaim and therefore denies the same.

48.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 48 of the Counterclaim and therefore denies the same.

49.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 49 of the Counterclaim and therefore denies the same.

<u>Pre-Acquisition</u>

50.     Sandhills admits that in 2017 it had initial discussions with Garafola about Sandhills acquiring the assets of Equipmentfacts. Sandhills denies any remaining allegations in Paragraph 50 of the Counterclaim.

51.     Sandhills denies the allegations in Paragraph 51 of the Counterclaim.

52.     Sandhills denies the allegations in Paragraph 52 of the Counterclaim.

53.     Sandhills denies the allegations in Paragraph 53 of the Counterclaim.

54.     Sandhills denies the allegations in Paragraph 54 of the Counterclaim.

55.     Sandhills denies the allegations in Paragraph 55 of the Counterclaim.

56.     Sandhills admits the allegations in Paragraph 56 of the Counterclaim.

57.     Sandhills denies the allegations in Paragraph 57 of the Counterclaim.

58.     Sandhills denies the allegations in Paragraph 58 of the Counterclaim.

59.     Sandhills denies the allegations in Paragraph 59 of the Counterclaim.

60.     Sandhills admits it acquired Equipmentfacts for $1.5 million and is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 60 of the Counterclaim and therefore denies the same.

61.     Sandhills denies the allegations in Paragraph 61 of the Counterclaim.

62.     Sandhills denies the allegations in Paragraph 62 of the Counterclaim.

63.     Sandhills denies the allegations in Paragraph 63 of the Counterclaim.

64.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 64 of the Counterclaim and therefore denies the same.

65.     Sandhills admits the allegations in Paragraph 65 of the Counterclaim.

Post-Acquisition

66.     Sandhills denies the allegations in Paragraph 66 of the Counterclaim.

67.     Sandhills denies the allegations in Paragraph 67 of the Counterclaim.

68.     Sandhills denies the allegations in Paragraph 68 of the Counterclaim.

69.     Sandhills denies the allegations in Paragraph 69 of the Counterclaim.

70.     Sandhills admits it properly terminated the contract with BidPath in April 2019. Sandhills denies any remaining allegations in Paragraph 70 of the Counterclaim.

71.     Sandhills denies the allegations in Paragraph 71 of the Counterclaim.

72.     Sandhills denies the allegations in Paragraph 72 of the Counterclaim.

73.     Sandhills denies the allegations in Paragraph 73 of the Counterclaim.

74.     Sandhills denies the allegations in Paragraph 74 of the Counterclaim.

75.     Sandhills denies the allegations in Paragraph 75 of the Counterclaim.

76.     Sandhills denies the allegations in Paragraph 76 of the Counterclaim.

77.     Sandhills admits that Paragraph 77 purports to quote a section of an agreement between Sandhills and Garafola but because the language quoted must be read in conjunction with all provisions and other evidence that may be applicable, Sandhills denies any allegations and any inference or conclusions drawn from the section quoted in Paragraph 77. Sandhills specifically denies that it "violated" any agreement with Garafola.

78.     Sandhills denies the allegations in Paragraph 78 of the Counterclaim.

79.     Sandhills denies the allegations in Paragraph 79 of the Counterclaim.

80.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 80 of the Counterclaim and therefore denies the same.

81.     Sandhills specifically denies that it breached any agreement with Garafola. Sandhills denies the remaining allegations in Paragraph 81 of the Counterclaim.

82.     Sandhills specifically denies that its technology is not effective. Sandhills denies the remaining allegations in Paragraph 82 of the Counterclaim.

83.     Sandhills is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 83 and therefore denies the same.

84.     Sandhills denies the allegations in Paragraph 84 of the Counterclaim.

85.     Sandhills denies the allegations in Paragraph 85 of the Counterclaim.

86.     Sandhills denies the allegations in Paragraph 86 of the Counterclaim.

87.     Sandhills denies it made any false representations, avers that the acquisition of Equipmentfacts was the result of arms-length negotiations in which both parties were represented by counsel, and denies the remaining allegations in Paragraph 87 of the Counterclaim.

88.     Sandhills admits that Ms. Greene and Mr. Pelaez resigned in 2019. Sandhills denies the remaining allegations in Paragraph 88 of the Counterclaim.

89.     Sandhills denies the allegations in Paragraph 89 of the Counterclaim.

90.     Sandhills denies the allegations in Paragraph 90 of the Counterclaim.

91.     Sandhills admits that the employees in the New Jersey office were placed on unpaid leave in August 2019 after Sandhills discovered that Garafola and others engaged in a scheme to unfairly compete with Sandhills. Sandhills denies the remaining allegations in Paragraph 91 of the Counterclaim.

Employment Termination/Breach of Lease

92.     Sandhills admits that it terminated Garafola in August 2019 and denies the remaining allegations in Paragraph 92 of the Counterclaim.

93.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of Garafola's motivation for his actions and therefore denies the same. Sandhills denies it made any "false representations" and denies the remaining allegations in Paragraph 93 of the Counterclaim.

94.     Sandhills denies the allegations in Paragraph 94 of the Counterclaim.

95.     Sandhills denies the allegations in Paragraph 95 of the Counterclaim.

96.     Sandhills denies the allegations in Paragraph 96 of the Counterclaim.

## COUNT ONE
### (Defendant/Counterclaimant Larry Garafola, Sr.'s Claim for Breach of Contract Against Plaintiff/Counterclaim Defendant Sandhills Global, Inc.)

97.     Sandhills incorporates the allegations set forth in its Complaint, as well as the admissions, denials and statements set forth in response to Paragraphs 1-96 of the Counterclaim as if fully set forth herein.

98.     Sandhills admits that it entered into a contract entitled "Employment Agreement" with Garafola on July 16, 2018, which stated he was to be employed as the Manager of Auction Services or other such position as mutually agreed upon. Sandhills denies any remaining allegations in Paragraph 98 of the Counterclaim.

99.     Sandhills denies the allegations in Paragraph 99 of the Counterclaim.

100.    Sandhills denies the allegations in Paragraph 100 of the Counterclaim.

101.    Sandhills denies the allegations in Paragraph 101 of the Counterclaim.

102.    Sandhills denies the allegations in Paragraph 102 of the Counterclaim.

103.    Sandhills avers that this Court, in issuing the Temporary Restraining Order (ECF Nos. 63-64) in *Sandhills v. Lawrence Garafola and Facts Technology*, Case No. 3:19-cv-20669-MAS-TJB, has found that Garafola did not adhere to his obligations under his Employment Agreement with Sandhills. Sandhills denies the remaining allegations in Paragraph 103 of the Counterclaim.

WHEREFORE, Plaintiff/Counterclaim Defendant Sandhills Global, Inc. respectfully requests that this Court find in its favor and dismiss Count One with prejudice; award Sandhills its costs and attorneys' fees; and for such other, further, and different relief as the Court deems just and equitable.

## COUNT TWO
### (Declaratory Judgment as to Restrictive Covenants)

104.    Sandhills incorporates the allegations in its Complaint, as well as the admissions, denials and statements set forth in response to Paragraphs 1-103 of the Counterclaim as if fully set forth herein.

105.    Sandhills admits that it entered into a contract entitled "Employment Agreement" with Garafola on July 16, 2018, which stated he was to be employed as the Manager of Auction Services or other such position as mutually agreed upon. Sandhills denies any remaining allegations in Paragraph 105 of the Counterclaim.

106.    Sandhills denies the allegations in Paragraph 106 of the Counterclaim.

107.    Sandhills denies the allegations in Paragraph 107 of the Counterclaim.

108.    Sandhills denies the allegations in Paragraph 108 of the Counterclaim.

109.    Sandhills denies the allegations in Paragraph 109 of the Counterclaim.

WHEREFORE, Plaintiff/Counterclaim Defendant Sandhills Global, Inc. respectfully requests that this Court find in its favor and dismiss Count Two with prejudice; award Sandhills its costs and attorneys' fees; and for such other, further, and different relief as the Court deems just and equitable.

## COUNT THREE
### (Fraud in the Inducement)

110.    Sandhills incorporates the allegations in its Complaint, as well as the admissions, denials and statements set forth in response to Paragraphs 1-109 of the Counterclaim as if fully set forth herein.

111.    Sandhills denies the allegations in Paragraph 111 of the Counterclaim.

112.     Sandhills denies the allegations in Paragraph 112 of the Counterclaim. Sandhills specifically denies the allegations set forth in subsections (a)-(h) of Paragraph 112 of the Counterclaim.

113.     Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 113 of the Counterclaim and therefore denies the same.

114.     Sandhills denies the allegations in Paragraph 114 of the Counterclaim.

WHEREFORE, Plaintiff/Counterclaim Defendant Sandhills Global, Inc. respectfully requests that this Court find in its favor and dismiss Count Three with prejudice; award Sandhills its costs and attorneys' fees; and for such other, further, and different relief as the Court deems just and equitable.

## COUNT FOUR
### (Negligent Misrepresentation)

115.     Sandhills incorporates the allegations in its Complaint, as well as the admissions, denials and statements set forth in response to Paragraphs 1-114 of the Counterclaim as if fully set forth herein.

116.     Sandhills denies the allegations in Paragraph 116 of the Counterclaim.

117.     Sandhills denies the allegations in Paragraph 117 of the Counterclaim. Sandhills denies the allegations in subsections (a)-(h).

118.     Sandhills denies it made any misrepresentations. Sandhills is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 118 of the Counterclaim and therefore denies the same.

119.     Sandhills denies the allegations in Paragraph 119 of the Counterclaim.

WHEREFORE, Plaintiff/Counterclaim Defendant Sandhills Global, Inc. respectfully requests that this Court find in its favor and dismiss Count Four with prejudice; award Sandhills

its costs and attorneys' fees; and for such other, further, and different relief as the Court deems just and equitable.

## COUNT FIVE
### (Conversion)

120.    Sandhills incorporates the allegations in its Complaint, as well as the admissions, denials and statements set forth in response to Paragraphs 1-119 of the Counterclaim as if fully set forth herein.

121.    Sandhills admits that Paragraph 121 of the Counterclaim contains a simplistic summation of a tort recognized by New Jersey law but Sandhills avers that Count Five is allegedly for conversion and thus denies the applicability of the allegations set forth in Paragraph 121 of the Counterclaim. Sandhills denies any remaining allegations in Paragraph 121 of the Counterclaim.

122.    Sandhills denies the allegations in Paragraph 122 of the Counterclaim.

123.    Sandhills is without sufficient information or knowledge to form a belief as to the truth of the "personal accounts" referenced in Paragraph 123. Sandhills denies the remaining allegations in Paragraph 123 of the Counterclaim.

124.    Sandhills denies the allegations in Paragraph 124 of the Counterclaim.

125.    Sandhills denies the allegations in Paragraph 125 of the Counterclaim.

WHEREFORE, Plaintiff/Counterclaim Defendant Sandhills Global, Inc. respectfully requests that this Court find in its favor and dismiss Count Five with prejudice; award Sandhills its costs and attorneys' fees; and for such other, further, and different relief as the Court deems just and equitable.

**COUNT SIX**
**(Invasion of Privacy)**

126.     The Court dismissed Count Six on May 21, 2020. (ECF Nos. 40-41). As such, no response is required at this time. To the extent a response is required, Sandhills incorporates the allegations in its Complaint, as well as the admissions, denials and statements set forth in response to Paragraphs 1-125 of the Counterclaim as if fully set forth herein.

127.     The Court dismissed Count Six on May 21, 2020. (ECF Nos. 40-41). As such, no response is required at this time. To the extent a response is required, Sandhills is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 127 of the Counterclaim and therefore denies the same.

128.     The Court dismissed Count Six on May 21, 2020. (ECF Nos. 40-41). As such, no response is required at this time. To the extent a response is required, Sandhills denies the allegations in Paragraph 128 of the Counterclaim.

129.     The Court dismissed Count Six on May 21, 2020. (ECF Nos. 40-41). As such, no response is required at this time. To the extent a response is required, Sandhills denies the allegations in Paragraph 129 of the Counterclaim.

130.     The Court dismissed Count Six on May 21, 2020 (ECF Nos. 40-41). As such, no response is required at this time. To the extent a response is required, Sandhills denies the allegations in Paragraph 130 of the Counterclaim.

131.     The Court dismissed Count Six on May 21, 2020. (ECF Nos. 40-41). As such, no response is required at this time. To the extent a response is required, Sandhills denies the allegations in Paragraph 131 of the Counterclaim.

WHEREFORE, Plaintiff/Counterclaim Defendant Sandhills Global, Inc. respectfully requests that this Court find in its favor and dismiss Count Six with prejudice; award Sandhills its

costs and attorneys' fees; and for such other, further, and different relief as the Court deems just and equitable.

## COUNT SEVEN
### (Breach of Contract – Lease Agreement)

132.    The Court dismissed Count Seven on May 21, 2020. (ECF Nos. 40-41). As such, no response is required.

133.    The Court dismissed Count Seven on May 21, 2020. (ECF Nos. 40-41). As such, no response is required.

134.    The Court dismissed Count Seven on May 21, 2020. (ECF Nos. 40-41). As such, no response is required.

135.    The Court dismissed Count Seven on May 21, 2020. (ECF Nos. 40-41). As such, no response is required.

136.    The Court dismissed Count Seven on May 21, 2020. (ECF Nos. 40-41). As such, no response is required.

137.    The Court dismissed Count Seven on May 21, 2020. (ECF Nos. 40-41). As such, no response is required.

138.    Sandhills denies any allegations in the Counterclaim not specifically admitted herein.

## SANDHILLS' DEFENSES

Further answering, Sandhills asserts the following defenses:

### FIRST DEFENSE

Garafola has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Garafola's injuries or damages, if any, are the result of his own actions.

15

**THIRD DEFENSE**

Garafola's injuries or damages, if any, are the result of acts or omissions of third parties over whom Sandhills did not have, nor ever had, control.

**FOURTH DEFENSE**

Garafola's injuries, if any, were directly and proximately caused by his own acts or omissions, or the acts or omissions of those over whom he had control.

**FIFTH DEFENSE**

Garafola's Counterclaim is barred and/or offset due to his own breaches and/or due to his own wrongful, unlawful, tortious or improper conduct.

**SIXTH DEFENSE**

Garafola's Counterclaim is barred, in whole or in part, by the doctrines of unclean hands, laches, ratification, acquiescence, consent, agreement, release, payment, waiver and/or estoppel.

**SEVENTH DEFENSE**

Garafola's Counterclaim is barred, in whole or in part, due to his failure to mitigate his damages, if any.

**EIGHTH DEFENSE**

Garafola's Counterclaim should be dismissed because Sandhills acted in accordance with all applicable law, practices and regulations.

**NINTH DEFENSE**

Garafola has failed to satisfy certain contractual conditions precedent in order to be entitled to any form of relief.

**TENTH DEFENSE**

Garafola's Counterclaim is barred, in whole or in part, by applicable contractual provisions and conditions.

**ELEVENTH DEFENSE**

Garafola's Counterclaim is barred, in whole or in part, by his material breaches of contract.

**TWELFTH DEFENSE**

Sandhills reserves the right to assert any other defenses as the facts and evidence allow.

WHEREFORE, Plaintiff/Counterclaim Defendant Sandhills Global, Inc. respectfully requests that this Court find in its favor and dismiss Garafola's Counterclaim with prejudice; award Sandhills its costs and attorneys' fees; and for such other, further, and different relief as the Court deems just and equitable.

By: _/s/ John D. Miller, III_

John D. Miller, III
Justin E. Condit
BRESSLER, AMERY & ROSS, P.C.
325 Columbia Turnpike
Florham Park, NJ 07932
P: (973) 514-1200
F: (973) 514-1660
JMiller@bressler.com
jcondit@bressler.com

AND

Margaret C. Hershiser, admitted *pro hac vice*
Patrice D. Ott, admitted *pro hac vice*
KOLEY JESSEN P.C., L.L.O.
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124-1079
(402) 390-9500
(402) 390-9005 (facsimile)
Margaret.hershiser@koleyjessen.com
Patrice.ott@koleyjessen.com

Attorneys for Plaintiff
Dated:  June 3, 2020                                   Sandhills Global, Inc.

17

## **CERTIFICATION OF SERVICE**

1.       On June 3 , 2020, I caused to be electronically filed with the Clerk of the United

States District Court for the District of New Jersey Plaintiff Sandhills Global, Inc.'s Answer and

Defenses to Defendant Lawrence Garafola Sr.'s Counterclaim.

2.       On June 3, 2020, I caused a copy of the foregoing to be served electronically via

CM/ECF upon counsel for all Defendants as follows:

>        Dena Calo, Esq.
>        Saul Ewing
>        650 College Road East, Suite 4000
>        Princeton, NJ  08540
>        Dena.Calo@saul.com
>        Attorneys for Defendants BidFacts, BidPath and Marlene Greene
>
>                    and
>
>        Steven Farsiou, Esq.
>        TRINITY & FARSIOU, LLC
>        47 Maple Avenue, Suite 7
>        Flemington, NJ 08822
>        sfarsiou@trinityandfarsiou.com
>        Attorneys for Defendants Lawrence Garafola, Sr. and Lawrence Garafola Jr.

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements are willfully false, I am subject to punishment.


                                         */s/ John D. Miller, III*

Dated:  June 3, 2020                              John D. Miller, III

18